IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY W. ARMSTRONG,                    No. CIV S-09-0290-JAM-CMK

    Plaintiff,

 vs.                                 FINDINGS AND RECOMMENDATIONS

SISKIYOU COUNTY, et al.,

    Defendants.

_____/

       Plaintiff, a former state prisoner, proceeding in pro per, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim

1

and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory. Because plaintiff, who is no longer incarcerated, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges violations of his First, Sixth, Eleventh, and Fourteenth Amendment rights. He has named ten defendants, who appear to be employees of the Siskiyou County Court. In addition to monetary damages, Plaintiff appears to be asking for a criminal conviction to be overturned, stating that he "seek's relief threw this hounrable court in the form of a total over-turnment of prymary case . . . ." (Complaint (Doc. 1) at 14).

Plaintiff's complaint is far from clear, and could be dismissed on the grounds that his allegations are too vague and conclusory to screen. However, reading Plaintiff's complaint as best as the court can, broadly interpreted, and in the light most favorable to Plaintiff, it appears he is claiming his conviction was illegal and based on a fraudulent record. He also alleges his conviction was based on "the missue of the three strike law, double jeopardy laws and due process laws." (Id at 7). Finally, it appears Plaintiff is alleging he was denied his right to appeal his conviction, based upon a letter he received from the Superior Court of Siskiyou County. It looks like Plaintiff filed a notice of appeal in 2008 attempting to appeal a 1995 conviction, and the Superior Court found the notice of appeal untimely under Rule 8.308(d) of the California Rules of Court.

## II. DISCUSSION

When a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is

entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983. See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985). Thus, 28 U.S.C. § 2254 cannot be used to challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be used to challenge the fact or duration of confinement.

In other words, when a state prisoner challenges the legality of his conviction and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Similarly, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable

because challenge was to conditions for parole eligibility and not to any particular parole determination). If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. See Trimble, 49 F.3d at 586. Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

Here, plaintiff is not currently incarcerated. However, according to the assertions made in his complaint, he appears to be challenging a conviction from Siskiyou County, which he alleges was illegal and based on a fraudulent record. Thus, it appears to the court that this case is only a challenge to his conviction, and therefore not cognizable as a § 1983 case. Relevant to this determination is the relief Plaintiff is requesting, specifically that his case be overturned. The court interprets this to mean he believes his criminal conviction should be reversed, which can be addressed by way of a direct appeal or a habeas petition, but is not a cognizable claim in a § 1983 action. As such, these claims should be dismissed without prejudice to plaintiff's ability to file an appropriate challenge of his conviction, such as a petition for writ of habeas corpus.[1]

To the extent Plaintiff seeks money damages based on his allegations that imply the invalidity of his conviction, he may not seek damages pursuant to § 1983 until he establishes, through appropriate state or federal remedies, that the conviction was invalid. See Edwards, 520 U.S. at 648; Heck, 512 U.S. at 486-87. Plaintiff has not alleged that his conviction has been invalidated. Rather, based on Plaintiff's other pending cases,[2] it appears that he remains on

---

[1] The court asserts no opinion on the validity of Plaintiff's claims nor whether he would be procedurally barred from filing a petition for writ of habeas corpus or other appropriate post conviction challenge.

[2] The court notes that Plaintiff has two other pending cases in this court, 09cv0062 and 07cv1046, which appear to raise claims regarding the terms of his parole. The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take

parole from his conviction. In fact, as discussed above, he is requesting this court overturn his conviction in this action. Accordingly, Plaintiff may not seek damages for his claim that his conviction was based on a fraudulent record. Plaintiff may re-file these claims in a new case at a later time if his conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorised to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87.

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 20, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

judicial notice of its own records. See Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).